IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | **UNDER SEAL** |
| ) | |
| v. ) | Criminal No. 3:23-cr- 161 |
| ) | |
| SUREN SEIRANOVICH MKRTCHYAN ) | |
|    a/k/a "Sirius," "Armyanin," and ) | |
|    "Armyashka," ) | |
| ) | |
| DMITRY BUDNIK ) | |
|    a/k/a "Molot," ) | |
| ) | |
| VALERII LNU ) | |
|    a/k/a "Val," ) | |
| ) | |
| and ) | |
| ) | |
| NAZAR LNU, ) | |
| ) | |
|    Defendants. ) | |

## GOVERNMENT'S MOTION TO SEAL
## INDICTMENT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment, arrest warrants, Motion to Seal, proposed Order, and any other document filed in this case (collectively, the "indictment materials") until December 12, 2023, unless the government moves to unseal this matter before that time.

**I.    REASONS FOR SEALING (Local Rule 49(B)(1))**

1.   As alleged in the indictment, the defendants are foreign nationals who were commanding officers and lower-ranking members of the Russian Armed Forces and/or military units from the so-called Donetsk People's Republic (DPR). The indictment alleges that in April 2022, following the Russian invasion of Ukraine, the defendants and their co-conspirators detained and committed war crimes against a U.S. national living in Ukraine. Specifically, the

indictment alleges that the defendants conspired to commit, committed, and aided and abetted the war crimes of unlawful confinement, torture, and inhuman treatment, in violation of 18 U.S.C. §§ 371, 2441, and 2. These war crimes allegedly took place in Mylove, Ukraine, a small village in Kherson Oblast, which Russian Armed Forces and their proxies, including military units from the DPR, occupied at the time. This indictment will be the first time that the government has brought charges under the War Crimes Act, 18 U.S.C. § 2441, since it became law in 1996.

2. Given the nature and context of the charges, the United States seeks to seal the indictment for a limited period of time to allow the government to notify and coordinate with other U.S. government agencies and offices (located in and outside of the United States) before the charges become public. For example, U.S. government officials need to be prepared to engage with foreign partners and other stakeholders and anticipate any issues that could arise when the charges become public. The government plans to move expeditiously to conduct this notification and coordination so that it can publicly announce the charges on December 6, 2023. The government, of course, will move to unseal the indictment materials prior to any public announcement. In the meantime, the government requests an order sealing the indictment materials for one week to allow for any unforeseen change of circumstances that requires delaying the public announcement.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. Rule 6(e)(4) of the Federal Rules of Criminal Procedure provides that "[t]he magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial." The Fourth Circuit has read Rule 6(e)(4) to allow a "judicial officer [to] grant the Government's motion to seal [an

indictment] for any legitimate prosecutorial need," including, but not limited to, "the need to take the defendant into custody." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986). Other circuits have recognized that sealing an indictment is also appropriate when it is in the public interest. *See, e.g., United States v. Ellis*, 622 F.3d 784, 792 (7th Cir. 2010) ("Under Federal Rule of Criminal Procedure 6(e)(4), a district court's power to seal an indictment is broad; sealing an indictment is generally permitted when it is in the public interest or serves a legitimate law-enforcement purpose." (footnote omitted)); *United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994) ("An indictment may be sealed for any legitimate law enforcement reason or where the public interest requires it."); *United States v. Lakin*, 875 F.2d 168, 171 (8th Cir. 1989) ("[A] judicial officer may grant the government's request to seal an indictment for any legitimate prosecutorial objective or where the public interest otherwise requires it.").

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The indictment materials would need to remain sealed until December 12, 2023. At that time, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect the public interest. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment materials be sealed until December 12, 2023, unless the government moves to unseal them before that time. The United States further requests that it be allowed to disclose the indictment materials as necessary to execute the arrest warrants as well as to officers and employees of other U.S.

3

government agencies for their use in discharging their official duties.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: *[signature: Alex Blanchard]*
Alexander E. Blanchard
Assistant United States Attorney